IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LOUIS G. CLARK, Register No. 990138, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4208-CV-C-NKL |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On September 18, 2008, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims and denying his motion for a preliminary injunction. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on October 8 and 9, 2008. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation.

Plaintiff's claims challenging the removal of monies from his inmate account, pursuant to the Missouri Incarceration Reimbursement Act (MIRA), are clearly property claims on which plaintiff has adequate post-deprivation remedies available in Missouri State courts. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivation of property not actionable under 42 U.S.C. § 1983 if suitable state remedy); Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990) (Missouri provides adequate remedies to redress property damages).

Further, as recently discussed by the United States Court of Appeals for the Eighth Circuit in Skinner v. Missouri, 215 Fed. Appx. 555 (8th Cir. 2007), confiscation of inmate's funds in inmate account, pursuant to MIRA, does not rise to level of a constitutional violation as required to sustain recovery under section 1983.

Finally, the court notes there are ongoing state proceedings specifically regarding plaintiff's monies and the application of the MIRA.[1]  It is well established that the federal courts should abstain from meddling in litigation pending in the state courts.  See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943), Younger v. Harris, 401 U.S. 37, 46 (1971).

The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of September 18, 2008, is adopted.  [8]  It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.  It is further

ORDERED that plaintiff's motion for preliminary injunction is denied.  [3]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated:  February 19, 2009
Jefferson City, Missouri

---

[1] Attorney General v. Louis G. Clark, No. 07AC-CC00819 (Mo. 19th Cir. Ct., filed Sept. 6, 2007).